IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AIMEE V. CROWE | ) |
| | ) |
| v. | ) NO. 3-13-0456 |
| | ) JUDGE CAMPBELL |
| BAPTIST HEALTHCARE GROUP | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss the Amended Complaint (Docket No. 26). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

FACTS

Plaintiff has sued her former employer, Defendant Baptist Healthcare Group for alleged employment discrimination in violation of 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Americans with Disabilities Act ("ADA"). Plaintiff contends that she was discriminated against and harassed because of her race. Plaintiff also argues that she is a qualified individual with a disability, as defined in the ADA, and that Defendant failed to make reasonable accommodation to which Plaintiff was entitled under the ADA. Finally, Plaintiff alleges that her employment was terminated because of her disability, in violation of the ADA.

Defendant asks the Court to dismiss Plaintiff's Amended Complaint, arguing first that Plaintiff's racial discrimination claim is barred because she failed to raise hostile work environment in her Equal Employment Opportunity Commission ("EEOC") complaint and, secondly, that she has failed to state a claim for which relief may be granted under the ADA.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## RACIAL DISCRIMINATION

Plaintiff, who is Caucasian, complains that she was treated differently from co-workers who are African-American. Specifically, Plaintiff alleges that African-American employees were frequently permitted to leave their desks and lounge in Plaintiff's supervisor's office. Complaint, ¶ 39. Plaintiff also avers that she was subjected to harassment because of her race. Specifically, she states that, on the day before her firing, African-American employees made inappropriate comments and laughed, creating a hostile work environment. Complaint, ¶ 38.

Plaintiff has not set forth a disparate treatment claim. Plaintiff's Amended Complaint does not allege that she suffered an adverse employment action because of her race. Plaintiff claims that

2

her employment was terminated because of her disability. In addition, Plaintiff's Response to Defendant's Motion to Dismiss does not advance a disparate treatment claim based upon race.

Rather, Plaintiff argues that she was subjected to a hostile work environment based upon race. Defendant contends that Plaintiff cannot bring a racially hostile work environment claim because she did not exhaust administrative remedies with regard to such a claim.

The exhaustion of administrative remedies is a prerequisite to filing a lawsuit alleging discrimination under Title VII. *Blackburn v. Shelby County*, 770 F.Supp.2d 896, 916 (W.D. Tenn. 2011). This procedure notifies potential defendants of the nature of the plaintiff's claims and provides them with the opportunity to settle claims before the EEOC rather than litigate them. *Id*. A judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). Where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. *Id*.

Plaintiff's EEOC complaint alleges discrimination based upon race and disability. Docket No. 30-1. Nothing in that complaint describes a hostile work environment. Plaintiff contends that she was treated differently from co-workers who were not white, which describes a disparate treatment claim, not a hostile work environment claim. She also describes being fired and discriminated against because of her disability.

Even if a hostile work environment claim could be inferred from her EEOC charge, however, there is no plausible hostile work environment claim set forth in the Amended Complaint. To constitute a hostile work environment, the alleged misbehavior must be sufficiently severe or

3

pervasive to alter the conditions of employment and create an abusive working environment. *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 511 (6th Cir. 2011). In addition, only harassment based upon race may be considered. *Id*. The allegations in Plaintiff's Amended Complaint do not allow the Court to draw the reasonable inference that Defendant is liable for a hostile work environment based upon race.

## DISABILITY DISCRIMINATION

Plaintiff alleges that she is a qualified individual with a disability under the ADA because of migraine headaches, sinusitis and sinus headaches which substantially limit her ability to perform her job. She contends that Defendant failed to make reasonable accommodations for her disability and terminated her employment in violation of the ADA.

Defendant argues that Plaintiff has failed to state a claim for ADA discrimination because she has not alleged that disability was the "but-for" cause of her firing. The ADA bars discrimination because of an employee's disability, meaning that it prohibits discrimination that is a "but-for" cause of the employer's adverse decision. *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012). Defendant maintains that Plaintiff alleges her firing was motivated by three different things, not simply her disability.

Even though Plaintiff's Amended Complaint does allege that her termination was motivated by her disability or a perceived disability, her requests to leave, and her complaints of discrimination, Plaintiff has not set forth or argued a retaliation claim. Therefore, the two alleged bases for her firing are both related to her disability. It will be up to the trier of fact to determine whether Plaintiff can show that her disability was a but-for cause of her firing.

4

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 26) is GRANTED in part and DENIED in part. Plaintiff's racial discrimination claim is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE